CHARLES DORN, Appellant, *v.* HORACE BACKER et al.,
Respondents.

| 61 | 261 |
| --- | --- |
| 123 | 149 |
| 61 | 261 |
| 143 | 105 |

Where a farm, the whole of which is occupied, and which lies partly in each of two adjoining towns, is assessed by the assessors of the town in which the owner and occupant does not reside, the assessment and tax founded thereon are illegal and void, and the assessors are personally liable for the damages resulting therefrom.

The decision of the assessors upon the question of residence and their consequent jurisdiction is not conclusive, but is open for review; and when the evidence thereon is conflicting it is a question of fact for a jury.

*Dorn* v. *Backer et al.* (61 Barb., 597) reversed.

(Argued May 28, 1874 ; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment entered upon an order nonsuiting plaintiff at Circuit. (Reported below, 61 Barb., 597.)

This was an action against defendants, late assessors of the town of Ava, Oneida county, to recover damages by reason of an alleged wrongful assessment, and a sale of plaintiff's property by virtue thereof. Plaintiff proved, in substance, that he owned a farm lying partly in the town of Ava and partly in the town of Boonville. He occupied and worked the whole as one farm. The principal dwelling-house was in the town of Ava, but for some years plaintiff had lived in a small house on that portion of the farm in Boonville. He voted and had held office there, and his whole farm was there taxed. It was also assessed by defendants, and a tax levied and imposed, and the collector of the town of Ava levied upon and sold plaintiff's property and collected the tax.

At the close of plaintiff's evidence defendants' counsel moved for a nonsuit, on the ground that the only question was, had the assessors jurisdiction. Plaintiff asked to go to the jury upon the question of his place of residence. The request was refused and defendants' motion granted, to which plaintiff's counsel excepted. Further facts appear in the opinion.

*Nicholas E. Kernan* for the appellant. The farm should have been assessed in the town where the owner resided. (1 R. S. [5th ed.], 908, § 4; 4 Hill, 76, 92; *Whitney* v. *Thomas*, 23 N. Y., 285.) The assessors could not acquire jurisdiction by wrongfully deciding in their own favor a jurisdictional fact. (*People* v. *Supervisors Chenango Co.*, 1 Kern., 563; *Mygatt* v. *Washburn*, 15 N. Y., 316; *Nat. Bank of Chem.* v. *City of Elmira*, 53 id., 49, 59; *Bailey* v. *Buell*, 59 Barb., 158.)

*C. D. Adams* for the respondents. Assessors are judicial officers in determining all questions necessary to a discharge of their duties, and are not liable for errors of judgment. (*Weaver* v. *Deavendorf*, 3 Denio, 117; *Smith* v. *Brown*, 24 Barb., 419; *Barhyte* v. *Shepherd*, 35 N. Y., 238; *Foster* v. *Van Wyck*, 4 Abb. [N. S.], 469.) If the decision is erroneous it is not void. (4 Den., 118; 3 Cow., 47; 1 Seld., 434, 440;

1 Kern., 331; 18 N. Y., 355, 356; 24 Barb., 419; 35 N. Y., 243; *B. and S. L. R. R. Co.* v. *Suprs. Erie Co.*, 48 id., 93.) The question of motive is not in the case. (3 Den., 117, 120; 3 N. Y., 464; Abb. Dig., 209.)

Reynolds, C. There is no view of this case by which the judgment of nonsuit can be sustained. If there was any doubt as to the fact that the plaintiff resided in the town of Boonville, that question should have been submitted to the jury. If he did reside in the town of Boonville the assessors of the town of Ava had no jurisdiction to make the assessment, and the plaintiff was entitled to recover.

The statute, in a case like this, makes the duties of the assessors very plain, and there can be but little excuse for falling into error. It provides that, "when the line between two towns or wards divides a farm or lot, the same shall be taxed, if occupied, in the town or ward where the occupant resides. If unoccupied, each part shall be assessed in the town in which the same shall lie, and thus, whether such division line be a town line only, or a county line." (1 R. S. [5th ed.], 908, § 4.) It may be said now to be settled, that assessors cannot acquire jurisdiction by deciding that they have it. (*Nat. Bk. of Chemung* v. *City of Elmira*, 53 N. Y., 49, 50, and cases.) Before assessing the plaintiff for taxation in the town of Ava, it was essential that he should be a resident of that town, and if not they had no jurisdiction. If they did decide that he was a resident, their decision is open to review. Ordinarily, a man in his right mind is supposed to know where he resides. The plaintiff has a decided conviction that for many years he has been a resident of the town of Boonville. His domicile is there, he has voted there, and held public office in that town, and paid his taxes. He is unfortunate in that the assessors of the town of Ava differ with him in opinion as to his place of abode. His house in Boonville is not as pretentious a mansion as the one he formerly occupied in Ava, but that is more a matter of taste and convenience than a question of jurisdiction, and that some of his children sleep

at night in the town of Ava does not appear to me to be of great importance to the present question. The mere difference of opinion referred to would be quite harmless, if it had not been made the foundation for taxing him in the town of Ava for the same property upon which he paid taxes in Boonville, and it is not singular that under such an infliction the plaintiff should become restive. In my opinion the assessors of the town of Ava might as well have undertaken to change the town line as to hold that the plaintiff was a resident of that town. Every thing that I can discover in the case plainly indicates the contrary. The decision of the assessors upon the question, as we have seen, is not conclusive. I do not think the question of residence at all doubtful, and I do not see why the judgment records offered should not have been received as conclusive evidence of the fact. But if doubtful, the question should have been submitted to the jury.

A new trial must be had.

All concur.

Judgment reversed, and new trial granted.