In the Matter of George McLean, Receiver of Taxes, Respondent, *v.* John H. Jephson, Appellant.

*It seems,* that assessors are ministerial officers, and do not generally act judicially in the performance of their duties; but having acquired jurisdiction of the person and subject-matter liable to be taxed, in respect to questions arising, which are necessarily judicial in their character, their determinations are final unless directly assailed.

The question, as to whether persons or property are assessable under the statutes, is a jurisdictional one, and is always open to inquiry when the authority to make an assessment is assailed.

Under the provision of the act of 1855 (§ 1, chap. 37, Laws of 1855), which provides that "All persons or associations doing business in the state of New York as merchants, bankers or otherwise, either as principals or partners, whether special or otherwise and not residents of this state shall be assessed and taxed on all sums invested in any manner in said business, the same as if they were residents * * *," the juris-

diction of the assessors depends upon the existence of the facts stated in the statute; they cannot acquire jurisdiction by determining that they have it.

To justify an assessment, therefore, under the act it is indispensable that the person assessed shall in fact have money invested in a business carried on by him in this state, either as sole principal or as partner; it is not sufficient that he is doing business as agent, and solely with the property of his principal.

While a person subject to taxation in a particular place, may be held liable for an erroneous assessment if he neglects to examine the rolls and obtain correction of errors therein, a non-resident having no taxable property in such locality, and no just reason to suppose he has been taxed, is under no such obligation.

The published notices of the completion of assessment-rolls required by the statute are intended for the information of tax-payers within the jurisdiction of the particular assessment officers, and can have no operation upon non-residents of such locality, who have no property liable to taxation therein.

Upon an application by the receiver of taxes of the city of New York under the charter (Laws of 1882, chap. 410, § 857) for a warrant to enforce the payment by a non-resident of a tax upon personal property, defendant showed that at the time of the alleged assessment, he was transacting business in the city of New York solely as the agent of a New Jersey corporation; that he had no money of his own invested in the business, and had never transacted business in said city save as agent; *held*, that the assessment was void; also that defendant was not obliged to adopt any means to raise the question of his liability, or to set aside the assessment, but could avail himself of its invalidity in these proceedings.

*McLean* v. *Jephson* (41 Hun, 479), reversed.

(Submitted June 17, 1890; decided October 7, 1890.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made October 15, 1886, which affirmed an order of the Special Term adjudging defendant guilty of misconduct in neglecting to pay a personal tax.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Douglass & Minton* for appellant. If the assessors were without jurisdiction, the assessment was void, and the appellant has the right to resist this proceeding to collect the tax,

without his having taken any proceeding to review the assessment. (Cooley on Tax. [2d. ed.] 751 ; *Mygatt* v. *Washburn,* 15 N. Y. 316 ; *Whitney* v. *Thomas,* 23 id. 281 ; *N. Bank* v. *City of Elmira,* 53 id. 49 ; *Dorwin* v. *Strichland,* 57 id. 492 ; *Dorn* v. *Backer,* 61 id. 261 ; *Stewart* v. *Crysler,* 100 id. 378 ; *McCoy* v. *Anderson,* 47 Mich. 502 ; *Zink* v. *McManus,* 49 Hun, 583.) If the jurisdictional facts do not exist, the determination of the assessors, that those facts do exist, does not establish jurisdiction in them. (*In re N. Y. Catholic Protectory,* 77 N. Y. 342 ; *Dorn* v. *Backer,* 61 id. 261.) The assessors acted without jurisdiction. (Cooley on Tax. [2d. ed.] 266 ; *United States* v. *Wiglesworth,* 2 Story, 273 ; *Mygatt* v. *Washburn,* 15 N. Y. 316 ; *Mills* v. *Comrs. of Taxes,* 23 id. 242 ; *Williams* v. *Bd. Suprs.,* 78 id. 561 ; *Prossor* v. *Secor,* 5 Barb. 608 ; *N. Bank* v. *City of Elmira,* 53 N. Y. 55 ; *In re Douglass,* 48 Hun, 318 ; *St. Paul* v. *Merritt,* 7 Minn. 258.) The constitutional provision that no person shall be deprived of life, liberty or property without due process of law applies to proceedings for the assessment and collection of taxes. (*Stuart* v. *Palmer,* 74 N. Y. 183 ; *Remsen* v. *Wheeler,* 105 id. 573 ; *People ex rel.* v. *McLean,* 80 N. Y. 254 ; *Whitney* v. *Thomas,* 23 id. 281, 285.)

*John G. H. Myers* for respondent. If jurisdiction to impose the tax existed, it is too late now to reduce the amount of the tax, or inquire into its fairness. (*In re Jones,* 67 How. Pr. 113 ; 34 Hun, 634 ; *People* v. *W. S. Bank,* 39 id. 525 ; *McMahon* v. *Palmer,* 102 N. Y. 176–190.) The board of assessors had jurisdiction to impose the tax. (Laws of 1855, chap. 37.) The appellant does not question the proceedings leading to the imposition of the tax, and the regularity thereof is thus conceded, as set forth in the petition. (Laws of 1882, chap. 410, §§ 817, 861.)

Ruger, Ch. J. This was an application to the Supreme Court by the receiver of taxes in the city of New York, under section 857 of the city charter (Chap. 410, Laws of 1882), for a

warrant to enforce the payment of a tax upon personal property by a non-resident. The section authorizing the proceeding reads as follows: "In case of the refusal or neglect of any person to pay any tax imposed upon him for personal property, if there be no goods or chattels in his possession upon which the same may be levied by distress and sale according to law, and if the property assessed shall exceed the sum of $1,000, the said receiver, if he has reason to believe that the person to be taxed has debts, credits, choses in action or other personal property not taxed elsewhere in this state, and upon which levy cannot be made according to law, may thereupon, in his discretion, make application within one year to the Court of Common Pleas of the county, or the Supreme Court, to enforce the payment of such tax."

The application was based upon a petition alleging the imposition of the tax upon the defendant in the year 1883 as a non-resident, doing business, and having capital invested therein, in the city of New York. An order to show cause why the relief asked should not be granted was issued and served upon the defendant, and upon the return day thereof he appeared and showed that he was, at the time the alleged assessment was made, and, for a long time previous thereto, had been, a resident of the state of New Jersey, and had never transacted business in the city of New York, except as the agent of a corporation organized and doing business in the state of New Jersey, as a manufacturer of carriages; that the company had a wareroom in the city of New York for the exhibition and sale of its own manufactures, and that defendant had charge of such warerooms as its agent. These facts were undisputed, and must be considered as conclusively established in the further consideration of the case.

The authority of the assessors to make the assessment in question is claimed to have been derived from section 1, chapter 37 of the Laws of 1855, which reads as follows: "All persons and associations doing business in the state of New York as merchants, bankers or otherwise, either as principals or partners, whether special or otherwise, and not residents of

this state, shall be assessed and taxed *on all sums invested in any manner in said business* the same as if they were residents of this state, and said taxes shall be collected from the property of the firms, persons or associations to which they severally belong." This statute clearly defines the limits of the power possessed by the assessment officers, and their jurisdiction depends upon the existence of the facts stated in the statute. To authorize an assessment under this statute, it is essential that the person assessed shall, in fact, have money invested in a business carried on by him in this state, either as a principal or partner. Assessors cannot acquire jurisdiction to make such assessments by determining that they have it, and their authority to act must always depend upon the existence of the jurisdictional facts described in the statute.

The facts stated conclusively show that the defendant was not doing such business in the city of New York, either as a principal or partner, and that he did not have any money invested in the business there carried on. That business was carried on by the corporation, of which the defendant was agent, and the money invested in it was the property of that corporation.

The court below conceded that if the facts stated had been known to the tax commissioners they could not lawfully have made an assessment against the defendant; but it was claimed that the act of the commissioners in making it was judicial and could not be assailed collaterally, and that the defendant should have adopted some means, either by appearing before the tax commissioners when they sat to review assessments and urged his non-liability to taxation, or, by certiorari from the determination of the assessors, raised the question of his liability. There is no prerogative of the government which is more liable to abuse than that which authorizes it to seize and appropriate the property of the citizen for public purposes, and none which is regarded with more jealous scrutiny by the courts. The authority of its officers to exercise the powers of taxation has uniformly been carefully scrutinized and limited to the express warrant of the statute, and cannot be extended

by implication or construction. This is especially the case
where its demands may be enforced by fine and imprisonment,
and it would be contrary to the traditions of our people, as
well as to principles of justice and law, to permit the liberty
of the citizen to be jeopardized by a strained and doubtful
construction of the statute. The defendant has confessedly
been assessed upon property which he did not own, and is
now threatened with imprisonment, unless he pays the illegal
exaction. The only authority the tax commissioners had to
assess the personal property of a non-resident, was in the event
that he employed it in carrying on a business in this state as
principal or partner. But the defendant has been taxed upon
an investment which he never made, and upon a business
carried on by other parties. This has been done upon the
theory, not that he had property and was carrying on such
business, but because he was negligent in failing to examine
the assessment-lists, and by omitting to do so and obtaining a
correction of them, has been rendered liable to the payment
of a tax on property which he did not own.· The property
assessed could not have been taken for the payment of this
tax, as it did not belong to the person against whom it was
levied, and the strange anomaly is presented of an assessment
against a person for property which he did not own, under an
act which authorizes an assessment only upon his property and
in respect to property which could not be taken in payment for
the tax, although such property alone is pointed out by the act
as the fund from which the tax is to be collected. Upon such
a foundation is built up a personal claim against the alleged
tax-payer, which is sought to be enforced by imprisonment.

The ground upon which it is claimed to be sustainable is
that the tax commissioners have decided that he was a tax-
payer, and in so doing acted judicially and, therefore, their
determination cannot be attacked collaterally. ·It is argued
that notice by publication having been given that the assess-
ment-rolls of New York city had been completed and would
be open for inspection and review at a certain time and place
in that city, and the defendant having failed to examine them

and to procure a correction of the erroneous assessment, was precluded from questioning the validity of such assessment in this proceeding.

We are of the opinion that the defendant was under no obligation to examine the assessment-lists of the city of New York. It is not claimed that the notices published by the assessors contained any intimation that an assessment had been made against the defendant, or that he had personal notice in any other form of the making of such assessment. There was no law making the defendant liable to taxation in New York and no foundation for a claim that he knew, or had any reason to suppose that an assessment had been made against him. He was under no greater obligation to examine the assessment-list of New York city than any other of the thousands of citizens of other states who visited that city during the year 1883. A person subject to taxation in a particular place may well be held liable for an erroneous assessment, if he neglects to examine the rolls and obtain correction of errors therein, but a non-resident having no taxable property in such locality and no just reason to suppose he has been taxed, is under no such obligation. He may safely rely upon his immunity from taxation in any place where he does not reside, and is not compelled to anticipate and thwart the act of public officers proceeding without authority of law in such places. The published notices of the completion of assessment-rolls required by the statute, are intended for information of tax-payers within the jurisdiction of the particular assessment officers, and can have no operation upon non-residents of such locality, who have no property liable to taxation therein.

We think the authorities are clearly adverse to the decision of the court below. It is conceded that the question depends upon the fact whether the assessors had jurisdiction to make the assessment. If they had not then the assessment is, confessedly, void. Assessors are ministerial officers and do not generally act judicially in the performance of their duties. Having, however, acquired jurisdiction of the person and subject-matter liable to be taxed, certain questions may arise which

are necessarily judicial in character, and in respect to such questions their action is necessarily final, unless their determination be directly assailed. Instances of such questions are the fixing of the value of property assessed, and determining the extent of a claim to exemption where the person assessed is liable to be taxed. (*Weaver* v. *Devendorf*, 3 Den. 118.) The authorities in this state seem to be quite uniform to the effect that the question whether persons or property are assessable under the statutes, is a jurisdictional question and is always open to inquiry when the authority to make an assessment is assailed.

The case of *Dorn* v. *Backer* (61 N. Y. 261), cannot, we think, on principle be distinguished from this case. That was an action against the assessors to recover damages for wrongfully assessing the plaintiff's farm in the town of Ava. The farm lay partly in Ava and partly in Boonville. It was assessable in the township where he resided. He had formerly occupied a house upon that part of his farm lying in the town of Ava. Subsequently he removed into a small house built on the land in Boonville and had apparently resided there some years. It was there declared : " It may be said now to be settled that assessors cannot acquire jurisdiction by deciding that they have it. Before assessing the plaintiff for taxation in the town of Ava, it was essential that he should be a resident of that town, and, if not, they had no jurisdiction." It was held that the action was sustainable.

In *N. Bank* v. *City of Elmira* (53 N. Y. 49), the action was to recover damages for the conversion of plaintiff's property. The defendant justified, under an allegation, that the property was taken by its collector to satisfy a tax duly imposed upon the capital of the bank by the assessors of the city.

Under the law (Chap. 761, Laws of 1866) the capital of a bank was not assessable. The late Chief Judge Church, writing the opinion of the court, says : " It is claimed that the assessors had jurisdiction to make the assessment; that their act was judicial and, although erroneous, is conclusive until reversed by a direct proceeding instituted for that purpose.

This proposition cannot be predicated of this case, either in fact or in law ; some of the duties of assessors are judicial in their nature, and as to them while acting within the scope of their authority, they are protected from attack, collaterally, to the same extent as other judicial officers ; but they are subordinate officers, possessing no authority, except such as is conferred upon them by statute, and it is a well-settled and salutary rule that such officers must see that they act within the authority committed to them. * * * So when their right to act depends upon the existence of some fact, which they erroneously determine to exist, their acts are void. * * * This court held, in 15 N. Y. 316, that if the assessors erred in determining whether a person was a taxable-inhabitant of a town, they did so at their peril and were liable to an action by the party aggrieved. This was upon the principle that the fact, although judicial in its nature, and requiring the exercise of judgment, was, nevertheless, necessary to confer jurisdiction, which could not be conferred by an erroneous decision." The case of *Myyatt* v. *Washburn* (15 N. Y. 316), referred to, was an action by the tax-payer against the assessor for an illegal assessment. The plaintiff had been a resident of the town of Oxford until the last of May, when he removed to the county of Oswego. The time for making assessments in Oxford covered the months of May and June, and the plaintiff's name was entered on the assessment-lists in May. It was held that the status of the tax-payer as to residence did not become irrevocably fixed until after July first. Judge DENIO says : " The plaintiff, therefore, was not subject to the jurisdiction of the assessors. In placing his name on the roll and adding thereto an amount as to the value of his personal property, they acted without authority. They are, therefore, responsible to the plaintiff for the damages which ensued. It was not, in the view of the law, an error of judgment."

In view of the fact that the authorities on this point are all uniform, we will only refer to *In re N. Y. Catholic Protectory* (77 N. Y. 342), because it recognizes as an established principle that the determination by assessors that a person or his property

are taxable, is jurisdictional, and that an error made by them in such determination against the tax-payer, is fatal to the validity of the assessment.   Judge Rᴀᴘᴀʟʟᴏ, writing the opinion of the court, says : " By the act amending their charter (§ 3, chap. 647, Laws of 1866), it is provided that 'the real and personal estate belonging to and used for the charitable purposes of said association shall be exempt from taxation.'   That the land upon which the tax in question was imposed, belonged to the petitioners, and was used for such charitable purposes, is alleged in the petition and not controverted in any manner. The assessors, consequently, had no jurisdiction to assess that land ; and even if they be deemed to have determined as a fact that the land was not so used as to bring it within the exemption, their determination was not conclusive, the fact being one upon which their jurisdiction depended.   .If the jurisdictional fact did not exist, the determination of the assessors could not establish jurisdiction in them."

The assessment officer in this case had authority to assess the property of a non-resident doing business in this state as a principal or partner having money invested in the business, and in such case only.   Their authority to assess depended upon the fact that he was engaged in business, and not upon appearances which might be deceptive and uncertain.

The defendant concededly was not a principal or partner in any business conducted in this state and had no money invested in such business.   His principal might have been engaged in such business, and might have been liable to taxation ; but even as to that there is some question (*People ex. rel. Parker Mills* v. *Comrs. of Taxation*, 23 N. Y. 242); but the defendant was not only not liable to be assessed, but the case does not show that there were any reasonable grounds for supposing that he was engaged in a business making him liable to taxation.   He was a non-resident and did not own the property assessed, and did not appear to be carrying on business, in any capacity, except as the agent of a responsible principal located in another state.   Without discussing other questions in the case, which might possibly be reviewed upon the record,

we are, for the reasons stated, of the opinion that the orders of the courts below should be reversed.

The orders of the General and Special Terms should be reversed and the application of the petitioner denied, with costs in all courts.

All concur.

Orders reversed.