In the Matter of the Application of ERNEST DEILE and Others, Petitioners, Appellants, against ROBERT BOETTGER and Others, Constituting the Board of Appeals of the City of Yonkers, Respondents.

NEW YORK GUILD FOR THE JEWISH BLIND, Intervening Defendant, Respondent.

Second Department, April 26, 1937.

*Arthur Carter Hume,* for the appellants.

*William F. Cauley, Jr.* [*Leonard G. McAneny, Corporation Counsel,* with him on the brief], for the defendants-respondents.

*Samuel D. Smoleff* [*Leonard M. Wallstein* with him on the brief], for the intervenor-respondent, New York Guild for the Jewish Blind.

PER CURIAM. The superintendent of buildings of the city of Yonkers refused to issue to the intervening respondent, the New York Guild for the Jewish Blind, a permit for the erection of a building to be used as a women's dormitory, which was an extension of a non-conforming use of its property under the zoning ordinances. The guild appealed to the board of appeals to review the action of the building superintendent and also petitioned the board for a variance of the ordinance so as to permit the construction of the building. The board, after a hearing, reversed the determination of the building superintendent and granted a variance. In a certiorari proceeding brought by petitioners the Special Term made an order confirming the determination of the board and dismissing the certiorari proceeding. Petitioners appeal.

The ordinance provides that a variance may be granted after public notice and hearing and that public notice means notice of the time and place thereof, printed in the official newspapers at least five days prior to the time of the hearing. The notice published did not give five days' notice nor did it state that a public hearing would be had on an application for a variance. It stated merely that the appeal from the determination of the building superintendent would be heard and that the guild would seek permission to erect a women's dormitory. In our opinion the notice was insufficient and the board was without jurisdiction to grant a variance. (*Matter of Retoske* v. *Boettger,* 249 App. Div. 624; *Matter of Palmer* v. *Mann,* 206 id. 484.) It is well settled that lack of jurisdiction of the subject-matter is a defect which cannot be waived and may be raised for the first time on appeal. We do not pass

on the question as to whether the board has the power to permit the erection of the proposed building even if proper notice had been given.

The order should be reversed on the law, with costs, the certiorari proceeding sustained, and the determination annulled.

LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order confirming the determination of the board of appeals of the city of Yonkers, which determination reversed the action of the building superintendent in refusing a building permit and granted a variance so as to permit the erection of the building, and dismissing the certiorari proceeding, reversed on the law, with costs, certiorari proceeding sustained, and determination annulled.