HERBERT R. SMITH *v.* F. W. WOOLWORTH COMPANY ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and COVELLO, Js.

Argued December 7, 1954—decided January 25, 1955

*Simon J. Beizer*, with whom, on the brief, were *Morris G. Beizer* and *Joseph A. Levy,* for the appellant (named defendant).

*Richard F. Corkey,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff instituted this action against the F. W. Woolworth Company, hereinafter called the defendant, and against the acting building inspector and the members of the zoning board of appeals of the city of New London. Subsequently, the municipality was joined as a party defendant. The plaintiff's purpose in bringing the action was to have the court determine whether certain permits issued to the defendant by the inspector and the board were valid, and, if the permits were invalid, to obtain, in addition to other relief, an injunction restraining the defendant from continuing with the construction of a building on premises abutting land of the plaintiff. The court found the issues for the plaintiff and enjoined the defendant as requested. From the judgment rendered, the defendant has appealed.

The finding, which is not subject to material correction, narrates the following facts: Golden Street and State Street in New London are substantially parallel. The former is the street next south of the latter. The plaintiff is the owner of a parcel of land bounded on the south by Golden Street and, at its rear, by land of the defendant. The defendant's land is bounded on the north by State Street. The only public highways touching these properties are the ones mentioned. Both parcels, under the municipal zoning ordinance, are in a business zone No. 2 and are "interior lots," so-called. New London Bldg. Zone Ordinance, §§ 1 (f), 2 (1953). Each has a depth in excess of 100 feet. The ordinance provides that no business building in a business zone No. 2 may be erected or altered on an "interior lot" unless the rear yard has a minimum depth equivalent to 10 per cent of the lot's entire depth. The yard's depth, however, need not exceed ten feet.

New London Bldg. Zone Ordinance, §§ 10, 11(d) (1953).

On August 28, 1953, there was submitted to the acting building inspector of the city an application for a permit to alter the existing building on the defendant's land by constructing an addition which would extend to the southerly boundary line and would destroy the possibility of any rear yard upon the defendant's property. The inspector denied the application on the ground that the proposed addition conflicted with the requirement of the ordinance as to a rear yard. Within the time prescribed, the defendant filed with the zoning board of appeals a purported appeal from the decision of the inspector. Although the appeal was treated by the board as an appeal, it was, in effect, an application for a variance. Under the applicable law, the inspector could not legally have issued the permit requested, nor had he any power to grant a variance.

Public notice of a hearing on the purported appeal was given by publication in a local newspaper in accordance with long-time practice. However, nothing in the notice gave any indication that the defendant was seeking a variance. The zoning board held the hearing on October 2, 1953, and unanimously voted to grant the permit. On the same date, the building inspector issued a permit to proceed with the proposed construction. At no time did the defendant claim that the requirement of a rear yard with a depth of ten feet created any practical difficulties or unnecessary hardships. Furthermore, the board did not find, nor, on the record, could it have found, any such difficulties or hardships in the way of carrying out the strict letter of the ordinance.

The public notice appearing in the newspaper did

not come to the attention of the plaintiff, an elderly resident of Bronxville, New York, who was at the time in a hospital. He did not learn of the action of the board until after November 5, 1953, the date upon which the defendant's building contractor mailed him a letter stating that an excavation was to be made along the common boundary line and notifying him to shore up a building adjacent to the line. When the plaintiff was apprised of the proposed activities of the defendant, he promptly instituted the present action, since the time for taking an appeal from the doings of the zoning board had expired. General Statutes, Cum. Sup. 1953, § 285c.

The elimination of a rear yard on the defendant's land and an excavation along the common boundary line would cause special and peculiar damage to the plaintiff. Unless the work of excavation and construction was stopped, he would also be subjected, under the building code ordinance of the city, to a financial burden in shoring up his building.

Upon the foregoing facts, the court concluded that the defendant's appeal to the zoning board was, in effect, an application for a variance and that the board's action in granting the application was null and void because, among other reasons, no proper notice had been given to the plaintiff or to the public generally.

We first dispose of the claim that the present action cannot be maintained because, the defendant urges, the reasons which prompted the board to grant the variance may be reviewed judicially only through the medium of an appeal to the Court of Common Pleas, as provided by statute. General Statutes, Cum. Sup. 1953, §§ 285c, 286c. The contention appears to be that an independent action is

improper under the circumstances, since "the court cannot inquire as to the facts or reasons for the discretionary decision of the board of appeals as these are properly for an appeal and not for a collateral attack." The defendant misconstrues the objective of the action. The plaintiff is making, not a collateral, but a direct attack upon the board's decision. *Miller* v. *McNamara,* 135 Conn. 489, 495, 66 A.2d 359. The allegations of the complaint clearly show that his purpose in bringing suit was not to seek a review of what the board did or of the reasons on which it relied in granting the variance, but rather to ascertain whether, in doing what it did do, the board had jurisdiction to act at all. It was unnecessary for the plaintiff to have asked for a declaratory judgment. *Newington* v. *Mazzoccoli,* 133 Conn. 146, 157, 48 A.2d 729. He might well have limited his request for relief to the issuance of the injunction which he also sought and which the court, in fact, ordered. It is of no real moment that, in addition to that relief, the plaintiff also sought a declaratory judgment. See Borchard, Declaratory Judgments (2d Ed.) pp. 432, 435. If the board lacked jurisdiction, as the plaintiff maintains, its determination was void. *City Street Improvement Co.* v. *Pearson,* 181 Cal. 640, 646, 185 P. 962; *McLean* v. *Jephson,* 123 N.Y. 142, 148, 25 N.E. 409; see *Thomas Bennett Estate, Inc.* v. *New Haven,* 117 Conn. 25, 34, 166 A. 680. Equity can always give relief, in an independent action, to one whose property rights are threatened under a void order of an administrative board. Equity does this, not by reversing or voiding the order, but by enjoining the use which a party might make of it. *Miller* v. *McNamara,* supra, 496. The plaintiff was within his legal rights in instituting the action.

The powers of the zoning board of appeals are found in § 15 of the zoning ordinance, passed by the legislative body of the city of New London on June 4, 1928, and amended on June 6, 1949. The pertinent portion of this section empowers the board to vary, in a specific case, the application of the zoning regulations "after public notice and hearing." One of the essential purposes of zoning is to stabilize property uses. *Abbadessa* v. *Board of Zoning Appeals,* 134 Conn. 28, 34, 54 A.2d 675; *Strain* v. *Mims,* 123 Conn. 275, 287, 193 A. 754. It necessarily follows that changes, variances and exceptions should not be permitted except after such full and adequate notice as will enable parties having an interest to know what is projected and, thus, to have an opportunity to protest. *Kane* v. *Board of Appeals,* 273 Mass. 97, 104, 173 N.E. 1; 2 Merrill, Notice, p. 285. Compliance with the provision as to notice is a prerequisite to any valid action by the board. *Couch* v. *Zoning Commission,* 141 Conn. 349, 356, 106 A.2d 173; *Lordship Park Assn.* v. *Board of Zoning Appeals,* 137 Conn. 84, 90, 75 A.2d 379. Failure to give proper notice constitutes a jurisdictional defect. *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 251, 83 A.2d 201.

The notice given in the case at bar informed the public that the board would hold a hearing "on the appeal of the F. W. Woolworth Company of Albany, New York, from decision of the Building Inspector . . . denying permit for the construction of an addition" to its existing building. As the court expressly found, "[n]othing in the public notice gave any indication that the F. W. Woolworth Company was petitioning for a variance under the Zoning Ordinances of the City." For the board to have taken jurisdiction, the notice had to specify that a vari-

ance was being sought. The mere statement that an appeal had been taken from the action of the acting building inspector was insufficient to meet the requirement of the ordinance. *Deile* v. *Boettger,* 250 App. Div. 633, 634, 295 N.Y.S. 115; 1 Yokley, Zoning Law & Practice (2d Ed.) p. 299. The proceeding which the board held was coram non judice. The grant of a variance was void.

There is no error.

In this opinion the other judges concurred.