FREDERICK R. SLAGLE ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF MERIDEN ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 8—decided December 17, 1957

The appellants filed a motion for reargument which was denied.

*Samuel H. Platcow,* with whom were *Francis R. Danaher* and, on the brief, *George J. Kilroy, Jr.,* for the appellants (defendants).

*David H. Jacobs,* with whom was *William A. Jacobs,* for the appellees (plaintiffs).

WYNNE, C. J. This is an appeal from a judgment of the Court of Common Pleas voiding a variance granted to the defendant Betsey C. Mills by the defendant zoning board of appeals of Meriden. The decision of the court was that the board had acted in excess of its powers, illegally, arbitrarily and in abuse of the discretion vested in it, in that the public notice was insufficient.

The following facts have been found: On July 6, 1955, Mrs. Mills applied to the board for a variance to permit the erection of a commercial building

in a residence zone. The property is located at 450 East Main Street, Meriden. The application was made on a form supplied by the board. Mrs. Mills gave as her reason for the change the following: "Commercial Meriden is moving eastward on East Main St. and said property is located in a commercial area." The board set the hour of 5:30 p.m. on July 11, 1955, for a hearing on the application. On the morning of July 8, and again on the mornings of July 9 and July 11, the board published the following advertisement of notice in the Meriden Record, a morning newspaper published daily: "Notice. As required by the General Statutes notice is hereby given that the Zoning Board of Appeals of the City of Meriden will hold a Public Hearing in the City Court Room, City Hall, on Monday, July 11, 1955, at 5:30 P.M. relative to the application of Mrs. Betsey Collins Mills for a variation to permit use of the property at 450 East Main Street, Meriden, for the erection of a commercial building to be used for stores and or offices . . . . Stanley G. Nessing."

The hearing was held as scheduled and all but four or five of the fourteen plaintiffs in this appeal were heard or recorded in opposition to the proposed variance. Four plaintiffs definitely not present or represented at the hearing were Hayes, Butler, Graham and Slagle. The last-named was in Canada from July 6 to July 11 and was not apprised of the granting of the variance until after his return. Others, not parties to this appeal, appeared at the hearing and spoke either for or against the granting of the proposed variance.

The board unanimously granted the variance at an executive session after the hearing. The plaintiffs appealed to the Court of Common Pleas, and

their appeal was sustained on the ground that the board lacked authority to grant the variance because the notice given was not reasonable as to time and the application referred to in it did not adequately identify the property affected. Section 19 of the Meriden City Code requires public notice of a hearing on an application for a variance. That the notice shall be reasonable is implicit in this requirement.

"What is a reasonable time for notification to result in notice is dependent upon the circumstances surrounding the particular transaction." 2 Merrill, Notice, p. 156. Failure to give proper notice constitutes a jurisdictional defect. *Smith* v. *F. W. Woolworth Co.*, 142 Conn. 88, 94, 111 A.2d 552; *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 251, 83 A.2d 201. Since adequate notice is a jurisdictional, and not merely a procedural, matter, the plaintiffs who appeared at the hearing and failed to object were not estopped from objecting later. *Walsh* v. *A. Waldron & Sons,* 112 Conn. 579, 584, 153 A. 298. For the board to have taken any action which can be held valid by this court, compliance with the provision for notice must be had. *Lordship Park Assn.* v. *Board of Zoning Appeals,* 137 Conn. 84, 90, 75 A.2d 379. The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought. *Winslow* v. *Zoning Board,* 143 Conn. 381, 389, 122 A.2d 789. This court cannot hold that, as a matter of law, eighty-one hours' notice is adequate, nor can the court below be said to have erred in finding that it was not.

The issue of adequacy of the content of the notice is another matter. The application itself was defective because the plot diagram did not indicate the

plot and adequately locate the affected property. The published advertisement of notice of the hearing, however, located the premises by giving the proper address and stated the proposed use in the event the variance was granted. "It referred to everything upon which the board proposed to act and to which the attention of the public was invited. No one could be misled by the notice, and all affected persons were apprised of the change sought. . . . The situation would be far different had the notice, as in *Smith* v. *F. W. Woolworth Co.*, supra, failed to state the scope of the subject matter for consideration at the public hearing." *Winslow* v. *Zoning Board*, supra, 388. All interested persons seeing the advertisement would have little difficulty in determining whether the proposed variance would affect them. The notice referred to the proposed use of the property and the possible erection of a commercial building containing stores and offices. It could leave no doubt in the mind of any reasonable person as to the possible effect on his own property.

There is no error.

In this opinion the other judges concurred.