[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Black Rock Associates and Steffano's Restaurant, Inc., seek preliminary injunctive relief against the ("Commission"), the Estate of Frank Fioretti, and Jesse Hamblin. Specifically, the plaintiffs seek an order prohibiting the Commission from giving effect to a special permit issued to the other defendants without notice to the public, and they seek an order against the latter defendants prohibiting them from using heir premises at 1557 Black Rock Turnpike for the use authorized by the special permit.
The purpose of a preliminary in junction is to preserve the status quo and protect the movant from immediate and irreparable harm until the rights of the parties can be determined upon a full hearing on the merits of the claim for permanent injunctive relief. Olcott v. Pendleton, 128 Conn. 292, 295 (1941), Deming v. Bradstreet, 85 Conn. 650, 659 (1912).
In assessing what it termed the analogous situation of the granting of a stay of an administrative order in Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451, CT Page 2140 457 (1988), the Connecticut Supreme Court, citing Olcott v. Pendleton, supra, stated that entitlement to such temporary relief requires a showing of 1) probable success on the merits of the claim and 2) a balancing of the results that may be caused to one party or the other from the granting of such relief. The court in Griffin Hospital, supra, at 488, also cited with approved Covenant Radio Corporation v. Ten Eighty Corporation, 35 Conn. Sup. 1, 3, (1977), which enumerates as additional requirements 3) irreparable injury and 4) lack of an adequate re remedy at law.
The Commission, which admits that it failed to provide notice to the public and conduct a public hearing required by8-3 C.G.S., before granting the special permit, objects that the plaintiffs may not seek injunctive relief because they have failed to appeal from the granting of the permit. While resort to the appeal process pursuant to 8-8 C.G.S. is in most instances the required means of challenging an administrative action of such a Commission, Davis v. Yudkin, 3 Conn. App. 576,578, cert. denied, 197 Conn. 805 (1985), where an agency has failed to provide the required public notice, its actions may be challenged by an equitable action without resort to an administrative appeal. Harwinton Drilling and Eng. Co. v. Public Utilities Control Authority, 188 Conn. 90, 94 (1982), Smith v. F.W. Woolworth Co., 142 Conn. 88, 94-95 (1985).
Defendant Hamblin, an architect, applied on behalf of the owner of the premises for a special permit to operate a take-out pizza restaurant with home delivery service at the premises at issue. The Commission admits that it approved the proposed use and interior renovations without providing the public with notice as required by 8-3 C.G.S.
Plaintiff Black Rock Associates, Inc. owns a shopping center with a large parking lot directly across the street from the proposed pizza establishment. Plaintiff Steffano's Restaurant, Inc. operates an Italian restaurant in the shopping center owned by Black Rock Associates and wishes to be heard by the Commission as to objections to the granting of a special permit with regard to traffic, parking, and other concerns required to be considered pursuant to 8-2 C.G.S.
The right of members of the public to have notice of and an opportunity to be heard concerning applications for special permits is plainly protected by 8-3 C.G.S. Deprivation of that right is not cured by any remedy at law, and temporary injunctive relief is granted pursuant to the accompanying order. See Smith v. F.W. Woolworth, supra.
The owner of the premises that were the subject of the CT Page 2141 application for a special permit granted in violation of statute is not entitled to make the requested use of the premises absent valid issuance of a special permit, however, it is the Commission, not the applicant, that was required to provide notice of a public hearing. No evidence was presented to establish that the other defendants would make the planned use of the premises even if the Commission were prohibited from giving effect to the invalidly issued special permit, and the testimony of defendant Hamblin was that the applicant for the special permit has been conscientious to date in not proceeding until all permits and inspections have been secured. There is no reason to conclude that the defendants, Hamblin or Fioretti, would use the premises for a use for which a special permit is required in the face of an injunction prohibiting the Commission from giving effect to the previously issued permit.
Accordingly, the plaintiffs have not demonstrated that they will be irreparably harmed by any action of defendants Hamblin and Fioretti, and preliminary injunctive relief is denied as to those defendants.
The application for preliminary injunctive relief is granted in part and denied in part in the accompanying order.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT