[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought by a neighbor from the granting by the Planning and Zoning Board of Appeals of the Town of Greenwich ("Board") of variances requested by the defendant Morgan Jenkins for a property located on Lawrence Street in that town.
Two issues are presented by this appeal: (1) was proper notice of the application given by the applicant (defendant Jenkins) pursuant to the Connecticut General Statutes and the Greenwich Municipal Code; and (2) did the Board act illegally, arbitrarily or in abuse of its discretion in finding legal hardship in the applicant and thus err in its granting of the variances?
Initially, the court finds that the plaintiffs are aggrieved because they own property which abuts that which was the subject of Jenkins' application. See C.G.S. § 8-8.
NOTICE TO PROPERTY OWNERS
The plaintiffs claim that they never received written notice of the application. Accordingly, they did not attend the public hearing to oppose the application, testifying that they would have done so had they been aware of the meeting. Plaintiffs argue that under the Greenwich Municipal Code and the Board's own rules notice of the pendency of the application is required, and that failure of the defendant Jenkins to give such a notice deprives the Board of jurisdiction, and therefore, its decision was void and this appeal must be sustained. Defendant Jenkins claims that the notice requirements of the Connecticut General Statutes were met and that no further notice was required. Defendant Town of Greenwich concedes that further notice was required under the Municipal Code, but that the provisions thereof were complied with.
A public hearing is required to be held by a Zoning Board of Appeals on any application for a variance presented to it, and notice to the public must be given in respect thereto.[1]
The fundamental reason for the requirement of notice is to advise all affected parties of the opportunity to be heard and be CT Page 5475 apprised of the relief sought. Slagle v. ZBA, 144 Conn. 690.[,] 693, 137 A.2d 542 (1957); Winslow v. Zoning Board, 143 Conn. 381,389, 122 A.2d 789 (1956). Plaintiffs claim that the additional notice by mail referred to in § 8-7 was necessary in this case because pursuant to said section the Board made provision for such notice, and further claim that such notice was not in fact provided.
Section 2-29 of the Greenwich Municipal Code provides, in relevant part, as follows: "(a) All notices of appeals and applications for special exceptions or variances shall; be contained in the official form adopted by the Board for that purpose which shall be available at the office of the Board and of the Building Inspector, Town Hall Annex". Section 2-30(a) reads: "applications shall be filed in triplicate, and the original shall be signed by the appellant or his agent. All pertinent questions on the form shall be answered, and all information required by the form to be given shall be concisely stated."
The official application form (in paragraph 8) requires the applicant to set forth the names and mailing addresses of all owners whose property bounds upon any portion of the subject property, and contains "instructions and procedures" including the following: "Appellant or his agent shall notify the property owners listed in item 8 in the application that an appeal is being filed with the Board and submit an affidavit that such notice has; been mailed".
The return of record reveals that nine addresses were referenced by the applicant in paragraph 8 of the application as being property owners requiring notification, and that an affidavit was filed by an attorney for the applicant testifying that such mailing had been accomplished.
The Board proceeded with the public hearing on the application, which the plaintiffs did not attend. In the appeal to this court, plaintiff Malcolm Davies, and by affidavit, his wife Sally Davies, testified that they never received notice of any kind by mail. Mr. Davies further testified that had he known of the hearing, he would have attended and opposed the application. Without objection, two other affidavits were admitted into evidence wherein the owners of other affected properties stated they received no notification, although they too were included in the applicant's list of those owners CT Page 5476 requiring notification. The plaintiffs claim this default in notification is fatal to the Board's jurisdiction.
The defendant Jenkins argues that proper notice was given by publication pursuant to C.G.S. § 8-7 (a fact not in dispute), that (1) no further notice was required, and (2) even if required, the obligation to give it was discharged by Jenkins' submission of the proper affidavit to the Board.
Section 8-7 clearly permits a town to provide for notice by mail, in addition to the publication notice required by that section. When a town has so provided, compliance with prescribed notice requirements is a prerequisite to a valid action by a zoning board of appeals and failure to give proper notice constitutes a jurisdictional defect. Wright v. Zoning Board ofAppeals, 174 Conn. 488, 491, 391 A.2d 146 (1978); Maher v. TownPlanning and Zoning Commission, 154 Conn. 420, 425, 226 A.2d 397
(1967); Smith v. F.W. Woolworth Co., 142 Conn. 88, 94,111 A.2d 552 (1955). The municipal code of Greenwich provides in relevant part: "All notices of appeal . . . shall be contained in the official form adopted by the Board for that purpose, . . .". Greenwich Municipal Code, Section 2-29(a). That official form requires the applicant to name all owners ". . . whose property bounds upon any portion of the subject property . . .". The form goes on to require notification to such owners that an "appeal is being filed" and submission of an affidavit that such notice was mailed.
It is evident that the town of Greenwich has, by regulation provided for notice by mail. The Code of Ordinance expressly authorizes the Board to provide that notice of an appeal be given, and pursuant thereto, the Board has adopted an official form providing for specific notice by mail. Defendant Jenkins contends that because the local requirement calls for notification to land owners of the filing of an appeal, rather than notice of the time and place of the hearing on that appeal, referred to in Section 8-7, there is no basis in law for the enactment of the Board's requirements. The court reads Section 8-7 more liberally than the defendant Jenkins, and finds that if Section 8-7 authorizes towns to provide for mail notice of the specific date, time, and place of the hearing, the town may certainly provide for something less, including notification that an appeal has been filed and is pending. This at the very least puts an owner on notice that there is something afoot which may affect his property, and provides opportunity for further CT Page 5477 inquiry. Indeed, defendant Jenkins must have recognized the salutary purpose of just such a notice when he included in his letter purportedly mailed to the property owners, "Further information concerning this application may be obtained by contacting the Planning and Zoning Board of Appeals, or the undersigned . . .". Changes, variances and exceptions "should not be permitted except after such full and adequate notice as will enable parties having an interest to know what is projected and thus, to have an opportunity to protest". Smith v. F. W.Woolworth Co., 142 Conn. 88, 94, 111 A.2d 522 (1955). There is nothing in the language or the avowed purposes of Section 8-7 to give rise to a conclusion that the town of Greenwich cannot require the giving of such notice as it deems appropriate. Indeed, at the trial of this matter, the defendant town of Greenwich conceded that it is authorized by Section 8-7 and its own ordinances to provide the notice it did. However, both defendants contend that the notice requirement contained in the local provision was met.
The defendant Jenkins provided a list of owners comprising nine separate addresses, and through his representative, submitted an affidavit, pursuant to the requirement of the official appeal form, attesting that he "caused to be mailed, postage pre-paid" notice of the filing of the application to the nine owners. The defendants argue that this should be the end of it; that having filed the affidavit required by the Board, compliance with the requirement was perfected, and the defendant Jenkins' responsibility to notify property owners was discharged.
The court agrees with the plaintiff that this is incorrect. It cannot be disputed that the avowed purpose of the notice procedure is that neighbors be made aware of the pendency of the subject application. Mailing the notices to neighbors is a process designed to have the neighbors receive the notices. Although the Board could not have known, absent evidence to the contrary, whether the notices were received or not, that jurisdictional issue is not beyond the embrace of this court. Just as the Board could have determined its jurisdiction had it been given that opportunity, so too may this court conduct that inquiry. The Board acted properly, procedurally, in proceeding with the hearing and rendering a decision. It falls to this court to decide, in retrospect, whether it was authorized to do so.
Proof of mailing of a letter to a person at the correct address with correct postage creates a presumption that such CT Page 5478 letter or other item was received by the addressee. MerrillLynch, Pearce, Fenner and Smith, Inc. v. Cole, 189 Conn. 518,533, 457 A.2d 656 (1983); Garland v. Gaines, 73 Conn. 662, 664
(1901); Pitts v. Hartford Life and Annuity Ins. Co., 66 Conn. 376,384 (1895). That presumption is rebuttable, Pitts v.Hartford Life and Annuity Ins. Co., supra, 384; Tait and LaPlante's Handbook of Connecticut Evidence Section 5.2.2 2nd Ed. 1988; and in this case, the plaintiffs have carried the burden of overcoming that presumption. The plaintiff Malcolm Davies testified that he never received a notice sent by Jenkins' attorney. By affidavit, his wife Sally Davies, attested to the same, as did persons residing at two other of the nine addresses. Three addresses of the nine, or 33% of the neighbors, the court finds never received notice of the pendency of that application. It is significant also, in crediting the testimony of the plaintiffs, that Mr. Davies wrote to the Board on May 3, 1994, the day after the Board's decision was published in the legal notices of the Greenwich Times, advising that he had not in fact received notice of the application.
Even were the court to accept the defendants' argument that proof, by affidavit, of mailing discharges the applicants' obligation to notify owners, there is sufficient countervailing evidence that the mailing in fact did not take place, through inadvertence or mistake. That evidence consists of the fact that 33% of the intended addressees did not receive the notices, and the court finds this percentage is beyond that which ordinarily might be expected if the mailing indeed had taken place. It is to be noted that there is no presumption that the mailing in fact occurred, the affidavit to that effect merely being sworn testimony to be considered in the light of all other evidence. The defendants offer no evidence, other than the affidavit contained in the return of record, that the mailing had indeed taken place.
The defendants expressed fear that if this court were to find the notice defective, appellants from future decisions of the Board might simply come in to court and testify that the required notice was never received, and thereby obtain reversal of the Board's action. The simple answer to that is that the court is deciding the case before it, and not other cases. Furthermore, future appellants will not be relieved of proving by the preponderance of competent evidence, subject to the test of cross examination or otherwise, that the notice requirements were not observed by the zoning applicant. CT Page 5479
The court cannot help but observe that the problem created by this case could be alleviated, if not cured, were the Board to require, in addition to the affidavit of mailing, the submission of a certificate of mailing, or other objective proof of mailing, as is done in other towns and cities of the state.
The court finds that notice of the filing of the application was not given to the plaintiffs or others entitled to receive it, under the provisions of the Greenwich Municipal Code and the requirements of the Board, and that the Board was without jurisdiction to act; its decision was therefore void and of no effect, and is hereby reversed.
In light of the above finding it is unnecessary for the court to address the second issue raised by the plaintiffs concerning the question of the applicants's legal hardship.
So Ordered.
D'ANDREA, J.