[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Groton Long Point Zoning Commission CT Page 3980 (hereinafter Commission) and Gordon Lang, Zoning Enforcement Officer of Groton Long Point Association (hereinafter ZEO) hereby move to strike the fourth and fifth counts of the plaintiffs' amended complaint. They claim that the fourth and fifth counts as they pertain to the Commission and the ZEO are legally insufficient in that 1) the plaintiffs have failed to exhaust their administrative remedies, 2) the defendants are protected by governmental immunity, 3) the plaintiffs did not give requisite notice before bringing a negligence claim (fifth count) against the defendants' agents of a municipality duly organized under the laws of the State of Connecticut.
 Facts
The present law suit arises out of a construction of a single-family house located on the subject property. On or about October 2 and October 6, 1997, the Gothies' obtained the applicable zoning and building permits from the association for said construction. The plaintiffs' have never appealed the issuance of these permits at the administrative level to the Zoning Board of Appeals for the Association.
Construction at the property was completed in October, 1998. On or about October 31, 1998, the Association issued a permanent CO for the subject property. On or about November 27, 1999, the plaintiffs' amended their complaint in the present action to cite in the defendants, the G.L.P. Zoning Commission and Gordon Lang as Zoning Enforcement Officer of G.L.P.
In the fourth count of their amended complaint, the plaintiffs complain that the Commission violated certain state statutes and zoning regulations when it issued the building and zoning permits and the permanent CO. In the fifth count of their amended complaint, the plaintiffs claim that the ZEO acted negligently in issuing the permanent CO for the subject property.
 Discussion
The motion to strike contests the legal sufficiency of the allegations of the complaint to state a claim upon which relief can be granted. See P.B. § 10-39(a)(1); Ferryman v. Groton,212 Conn. 138, 142 (1989). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. NovametrixMedical Systems, Inc. v. BOC Group, 224 Conn. 210, 214-15 (1992). The trial court must construe the complaint in the manner most CT Page 3981 favorable to sustaining its legal sufficiency. Parsons v. UnitedTechnologies Corp. , 243 Conn. 66, 68 (1997).
The defendant claims that the fourth and fifth counts should be stricken because the plaintiffs failed to exhaust their administrative remedies. In both counts the plaintiffs allege that the defendants illegally and improperly issued zoning and building permits with regard to the subject property, and also violation of the Coastal Area Management (hereinafter CAM) statutes in issuing said permits. However, they claim that the plaintiffs never appealed the issuance of the zoning and building permits to the Zoning Board of Appeals for Groton Long Point.
A jurisdictional requisite in seeking relief in the court of law is that all available administrative remedies have been exhausted. City of Norwich v. Norwalk Wilbert Vault Co.,208 Conn. 1, 4 (1988).
In the present case the plaintiffs did not exhaust their administrative remedies with regard to the issuance of the building permit, the zoning permit or the CAM approval according to the defendant. The building and zoning permits were issued and the plan was approved. The G.L.P. zoning regulations, like most municipal zoning regulations, clearly provide the Zoning Board of Appeals with the power to hear. appeals with the issuance of such permits. The plaintiffs failed to appeal the issuance of those permits to the Zoning Board of Appeals. Instead, the plaintiffs attempt to raise these issues in this separate lawsuit by citing the municipal defendants. The plaintiffs, therefore, have not exhausted their administrative remedies according to the defendant.
However, the plaintiffs' claim that it is not necessary to exhaust administrative remedies when bringing an action such as this one. Cummings v. Tripp, 204 Conn. 67 (1987); Herbert Smithv. F.W. Woolworth, et al, 142 Conn. 88 (1995). The plaintiffs are seeking injunctive relief as well as mandamus relief as shown in their prayer for relief in the amended complaint dated November 27, 1999. The court finds that the plaintiff is correct in this regard and that because the relief sought is beyond that which can be provided by the Zoning Board of Appeals, it is not necessary to go to the Zoning Board of Appeals before bringing this action.
The defendant next claims that the fourth and fifth counts of CT Page 3982 the amended complaints should be stricken as the Commission and the ZEO are protected by governmental immunity. A municipality and its employees have qualified immunity in the performance in governmental duties but they may be liable if they misperform them in a ministerial act as opposed to a discretionary act. Evonv. Andrews, 211 Conn. 501, 505 (1989). Where municipal officers engage in discretionary acts, as opposed to ministerial acts, there is a qualified immunity subject to three exceptions: 1) where the circumstances make it apparent to the municipal officer that failure to act is likely to subject an identifiable person through eminent harm; 2) where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws; and 3) where the alleged acts involve malice, wantonness or intent to injure rather than negligence. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 166-67 (1988). The issuance of building permits and zoning permits and CO's are governmental functions. Prestia v. Zajac, et al, 192 WL 231351 (Conn.Super. 1992). The common law rule that municipal offices who engage in discretionary government functions are immune from liability for negligence in the performance of those functions is currently codified in C.G.S. § 52-557n(b)(7).
The plaintiff claims that there is no government immunity because that only applies to cases of negligence and there is no claim of negligence here. He claims that the acts of the defendants were clearly knowing and intentional acts. He also claims that there is no claim for money damages but a request that this court require the zoning officer and zoning commission to enforce state law as well as their zoning regulations.
In this case, the plaintiffs are attempting to challenge the ZEO's issuance of a CO (count five) and allege that the Commission improperly enforced a zoning regulation (count four). As indicated in the case law cited, these acts by a municipalities and their employees/agencies are protected by governmental immunity according to the defendant, and the defendant, therefore, requests these counts be stricken for that reason.
In Prestia, supra., the court held that the issue was whether the doctrine of governmental immunity as contained in C.G.S. §52-557n(b)(7) immunizes municipal officials for their refusal to issue certificates of occupancy. In this context, the court held that it did. The Prestia court held that a plaintiff cannot CT Page 3983 recover for negligence or carelessness. He may only recover if he alleges and proves that the denial of an issuance of a building permit constituted a reckless disregard for health and safety.
In the case of Maier v. Tracy, et al, 1992 WL 231351 (Conn.Super. 1992), the court held that a municipal employee has a qualified immunity in the performance of a governmental duty but he may be liable if he misperforms a ministerial act as opposed to a discretionary act. Where municipal officials are engaged in discretionary acts as opposed to ministerial acts there is a qualified immunity. The municipal defendants are protected by a qualified governmental immunity unless the plaintiff places the case under one of the exceptions. The exceptions require: 1) where circumstances make it apparent to the municipal officer that failure to act is likely to subject an identifiable person to imminent harm; 2) Where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws; and 3) where the alleged acts involve malice, wantonness or intent to injure rather than negligence.
While § 8-12 of the C.G.S. allows a municipality, acting through an official authorized to enforce the zoning regulations, to bring a zoning enforcement action, it does not create any right for members of the public to bring such action, force a municipality or any of its officials to do so or claim damages. In order for a plaintiff to. have a cause of action under the identifiable person/imminent harm exception, it must be shown they were both 1) readily identifiable victims and 2) subject to imminent harm. Shaw v. Stonington, 187 Conn. 147, 154 (1982). The plaintiffs in the instant case have identified no cases which extend this exception to the present situation.
Zoning enforcement is a discretionary function. A municipality cannot be compelled to take the action as requested in the plaintiffs' prayer for relief. The plaintiffs have not identified any case allowing an injunction to be issued to compel municipal officials to enforce zoning regulations. If a private property owner claims a violation exists, it can bring its own private injunction action to enforce the zoning regulations, where it is claimed the zoning officials failed to act against the violations, but they cannot compel municipal officials to spend public funds for their benefit.
In this case, the plaintiffs William Stewart, et al has, in CT Page 3984 fact, brought an action to request money damages and an injunction.
With respect to the claim as to notice under C.G.S. § 7-465, the court rejects that claim because such statute does not apply in this case. It has to do with personal injuries or damages to real or personal property. Therefore, that particular statute does not apply here. It was not claimed by the plaintiff and the motion to strike will not be granted on the basis of that statute.
Accordingly, the court will strike the fourth and fifth counts of the plaintiffs' amended complaint on the grounds of governmental immunity as to the allegations raised in the fourth and fifth counts. The other matters claimed, the court finds moot in view of this decision of the court.
D. Michael Hurley, Judge Trial Referee