ARTHUR E. WRIGHT ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF NEW FAIRFIELD

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and SPEZIALE, Js.

Argued January 11—decision released March 28, 1978

*William W. Sullivan,* with whom was *Thomas M. O'Brien,* for the appellants (plaintiffs).

*Raymond E. Baldwin, Jr.,* with whom, on the brief, was *Richard G. Kent,* for the appellee (defendant).

BOGDANSKI, J. The plaintiffs, Arthur E. Wright and Liv Grete Wright, owners of residential property in the town of New Fairfield, appealed to the defendant zoning board of appeals from the denial of a building permit for the addition of a garage to their existing home. In their appeal to the board, the plaintiffs also petitioned for a variance of the side-yard setback requirements from thirty-five feet to fifteen feet.

After a public hearing on May 9, 1975, the board granted the variance subject to "suitable planting to insulate the view to the neighbor to the north," and notice of such decision was duly published. It was then discovered that a "red sign" giving notice of the application had not been posted on the property as required by § 17.2.3 of the New Fairfield zoning ordinance.[1]

Upon advice of town counsel that compliance with the sign notice requirement was a prerequisite to a valid action by the board, the board published notice of another public hearing and notified the plaintiffs of the hearing by letter. At the second hearing held on June 27, 1975, with the plaintiffs in attendance, the board formally declared the prior hearing illegal because of the failure to comply with § 17.2.3 of the zoning regulations. The board then proceeded to conduct a second hearing on the plaintiffs' application and voted to grant the variance subject to the condition that the doors of the proposed garage face the street rather than the land of the neighbor to the north.

From that action the plaintiffs appealed to the Court of Common Pleas, claiming that the variance as qualified by the condition made the variance useless to the plaintiffs and that in imposing the condition the board acted illegally and in abuse of its discretion. From a judgment for the defendant, upon the granting of certification, the plaintiffs appealed to this court, assigning error in the court's conclusions.

---

[1] Section 17.2.3 of the New Fairfield zoning ordinance reads as follows: "Upon filing application for variance with the Zoning Board of Appeals, the applicant shall be given a Notice of Application Sign, red in color, to be placed on said parcel of land in a conspicuous place."

It is undisputed that the sign-posting requirement of § 17.2.3 of the regulations was not met. The plaintiffs, however, contend that notice pursuant to § 17.2.3 is unnecessary because statutory notice[2] by publication is sufficient.

Compliance with prescribed notice requirements is a prerequisite to a valid action by a zoning board of appeals and failure to give proper notice constitutes a jurisdictional defect. *Maher* v. *Town Planning & Zoning Commission,* 154 Conn. 420, 425, 226 A.2d 397; *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 94, 111 A.2d 552. "The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought." *Slagle* v. *Zoning Board of Appeals,* 144 Conn. 690, 693, 137 A.2d 542.

The posting of a sign on the premises required by § 17.2.3 of the New Fairfield regulations is complementary to, and not in derogation of, the statutory notice. Such regulations are generally adopted by a municipality as a practical and necessary means of giving effective notice of the pending zoning application to as many affected, aggrieved and potentially aggrieved persons as possible. When such notice is required by a municipal ordinance duly adopted, compliance with that ordinance is required. *Maher* v. *Town Planning & Zoning Commission,* supra.

---

[2] "[General Statutes] Sec. 8-7. APPEALS TO BOARD. . . . Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing . . . ."

A zoning board of appeals is generally precluded from reversing a prior decision unless there has been a material change of conditions, or other considerations have intervened affecting the merits, and no vested rights have arisen. *Rommell* v. *Walsh,* 127 Conn. 272, 277, 16 A.2d 483; *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 137, 154 A. 343. That principle applies only where the prior action of the board was validly taken. Where, however, there was a lack of jurisdiction due to improper notice, "[t]he proceeding which the board held was coram non judice. The grant of a variance was void." *Smith* v. *F. W. Woolworth Co.,* supra, 95; 1 Yokley, Zoning Law & Practice (2d Ed.) § 123. We conclude that the court did not err in sustaining the action of the board in reversing its earlier decision.

The plaintiffs also argued that the condition attached to the variance, that the garage doors face the street, was unreasonable and arbitrary. We do not agree. Implicit in a zoning board's power to grant variances is the power to attach reasonable conditions to the variances granted. *Burlington* v. *Jencik,* 168 Conn. 506, 509, 362 A.2d 1338; *Kelley* v. *Board of Zoning Appeals,* 126 Conn. 648, 652, 13 A.2d 675. "The right to attach reasonable conditions to the grant of a variance is not dependent upon express authorization from the lawmaking body." *Burlington* v. *Jencik,* supra, 509.

Having reduced the side yard setback from thirty-five feet to fifteen feet, the board could reasonably have found that the fifteen feet remaining from the garage doors facing the neighbor's lot line would be insufficient for cars to enter and exit from the garage, and that such movement of cars in that

restricted area would unduly interfere with the neighbor's property. The court did not err in concluding that the condition attached was reasonable.

There is no error.

In this opinion the other judges concurred.