******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

H-K PROPERTIES, LLC *v.* TOWN OF MANSFIELD
PLANNING AND ZONING COMMISSION ET AL.
(AC 37069)

DiPentima, C. J., and Prescott and Bishop, Js.

*Argued January 11—officially released May 17, 2016*

(Appeal from Superior Court, judicial district of
Harford, Land Use Litigation Docket, Berger, J.)

*Paul N. Gilmore*, with whom, on the brief, was *Christopher A. Klepps*, for the appellants (defendant East
Brook F, LLC, et al.).

*Richard P. Weinstein*, with whom was *Sarah Black
Lingenheld*, for the appellee (plaintiff).

*Opinion*

PRESCOTT, J. Ordinarily, an appeal in a zoning case must be commenced by an aggrieved party within fifteen days from the date the land use board publishes notice of its decision. General Statutes § 8-8 (b). In subsection (r) of § 8-8,[1] however, the legislature extended the appeal period from fifteen days to one year in cases in which the board failed to comply with a statutory or regulatory notice requirement concerning a public hearing or an action of the board.

Resolution of this appeal requires us to consider the interplay of subsection (r) of § 8-8 with General Statutes § 8-7d (a),[2] which authorizes land use boards to adopt regulations imposing additional notice requirements beyond the statutory requirements that obligate land use boards to give notice of public hearings or other actions of the board by newspaper publication. Specifically, we are asked to consider whether the longer appeal period set forth in § 8-8 (r) applies if a planning and zoning commission adopts a regulation, presumably in accordance with § 8-7d (a), that requires special permit applicants, rather than the board itself, to provide written notice to all abutting property owners of the hearing date on the application and other information about the application, and the applicant fails to comply with that notice requirement. We conclude that, under the circumstances presented, the failure of the applicant to comply with the additional notice requirements did not trigger the longer appeal period set forth in § 8-8 (r). Because the applicant did not file its appeal within fifteen days of publication of notice of the land use board's decision, the trial court improperly concluded that it had subject matter jurisdiction over this zoning appeal.

Following our grant of certification, the defendants East Brook F, LLC, East Brook T, LLC, and East Brook W, LLC, whose application for a special permit to build an addition to the East Brook Mall (mall) was approved by the Town of Mansfield Planning and Zoning Commission (commission),[3] appeal from the judgment of the trial court sustaining the appeal of the plaintiff, H-K Properties, LLC, which owns property abutting the mall. The defendants claim in their appeal to this court that the trial court improperly denied their motion to dismiss the underlying appeal as untimely because it improperly determined that the one year appeal period provided for in § 8-8 (r) was applicable and that the plaintiff timely filed its appeal within that period. We agree with the defendants that the appeal was late because it was not filed within the ordinary fifteen day appeal period, and that the court, therefore, lacked subject matter jurisdiction over the appeal. Accordingly, we reverse the judgment of the trial court and remand the case with direction to dismiss the plaintiff's appeal.[4]

The following facts and procedural history are relevant to our resolution of this appeal. The defendants filed a special permit application with the commission dated December 1, 2011. The application sought permission to build a 14,528 square foot addition to the existing mall, located on Route 195 in Mansfield, and to construct a separate 3,200 square foot building on the northeast corner of the mall property.[5] The defendants checked a box on the application form acknowledging that they would send "certified notice . . . to neighboring property-owners, as per the provisions of Article [5, § B (3) (c) of the Mansfield Zoning Regulations]," but subsequently failed to do so. The plaintiff owns property that abuts the north side of the mall property.

The commission scheduled a public hearing on the application for January 3, 2012. The commission published notice of the hearing in the Willimantic Chronicle on December 20, 2011, and again on December 28, 2011. The public hearing commenced on the date noticed and was continued to and then closed on February 6, 2012. No party came forward during the public hearing to speak in opposition to the special permit application. The commission granted the application on February 21, 2012, with certain conditions. Pursuant to General Statutes § 8-28, notice of the commission's decision was published in the Willimantic Chronicle on February 27, 2012.

Nearly eight months later, on October 26, 2012, the plaintiff commenced an appeal to the Superior Court from the commission's decision. In its appeal, the plaintiff alleged that it was an abutting property owner aggrieved by the granting of the defendant's application because it had easement rights over the mall property that would be adversely affected by the proposed development. The plaintiff claimed that the commission improperly granted the defendants' special permit application because neither the defendants nor the commission had provided the plaintiff with notice as required by the Mansfield Zoning Regulations (regulations) or by statute.[6] Article 5, § B (3) (c) of the regulations is titled "Notification of Neighboring Property Owners," and provides: "To ensure ample opportunity for neighborhood opinion to be expressed, the applicant shall be responsible for notifying in writing all property owners within 500 feet of the perimeter boundaries of the subject lot(s). Such notice, which shall be sent by certified mail at least [ten] days prior to the date of the scheduled Public Hearing, shall include the statement of use received by the Commission, the date and time of the scheduled Public Hearing and the fact that the subject plans are on file in the Mansfield Planning Office. A copy of the applicant's notice to neighboring property owners and a listing of the property owners notified shall be filed in the Mansfield Planning Office at least five (5) days prior to the Public Hearing." The plaintiff

alleged that its lack of notice, actual or otherwise, thwarted it of its opportunity to be heard in opposition to the application.

The defendants filed a motion to dismiss the appeal for lack of subject matter jurisdiction, arguing that the plaintiff had filed its appeal more than fifteen days after publication of the commission's decision and, thus, outside of the prescribed appeal period set forth in § 8-8 (b), a jurisdictional defect. The plaintiff filed an opposition, arguing that, because the defendants never provided it with proper written notice pursuant to the commission's regulations and the commission failed to ensure that the defendants had complied, it was permitted to file an appeal within one year of the zoning decision in accordance with § 8-8 (r). Although the defendants stipulated that they had not sent written notice to the plaintiff as required, they argued that the plaintiff was not entitled to file its appeal within the extended one year period set forth in § 8-8 (r) because that statute is triggered only by a land use board's failure to meet notice requirements, and the commission had met all of its notice obligations.

Following two days of hearings, the court, *Berger*, *J.*, denied the motion to dismiss, agreeing with the plaintiff's argument and concluding that the commission had a duty to ensure that the plaintiff received written notice pursuant to the regulation that it had adopted pursuant to § 8-7d (a), despite having delegated the responsibility for service of notice to the defendants. According to the court, the commission's failure to ensure compliance by the defendants extended the time period in which to appeal pursuant to § 8-8 (r). The defendants moved for reconsideration, which the court denied.

On February 14, 2014, the court, referencing its August 6, 2013 memorandum of decision denying the motion to dismiss, issued an order sustaining the plaintiff's appeal. The court indicated that the commission's decision was invalid because proper notice was not provided to the plaintiff, and it ordered the matter "remanded to the commission to commence the proceedings anew giving proper notice." The defendants filed a petition for certification to appeal in accordance with § 8-8 (o), which this court granted. This appeal followed.[7]

The defendants claim that the trial court improperly denied their motion to dismiss the underlying appeal as untimely on the basis of an erroneous determination that the extended appeal period provided for in § 8-8 (r) was applicable. For the reasons that follow, we agree.

We begin our analysis with our standard of review as well as other applicable legal principles. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that

should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss [is] de novo." (Internal quotation marks omitted.) *R.C. Equity Group, LLC* v. *Zoning Commission*, 285 Conn. 240, 248, 939 A.2d 1122 (2008).

"Administrative agencies [such as the commission] are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves. . . . [It] is clear that an administrative body must act strictly within its statutory authority . . . . No administrative or regulatory body can modify, abridge or otherwise change the statutory provisions under which it acquires authority unless the statute specifically grants it that power." (Citations omitted; internal quotation marks omitted.) *MacKenzie* v. *Planning & Zoning Commission*, 146 Conn. App. 406, 426, 77 A.3d 904 (2013).

Likewise, "[t]here is no absolute right of appeal to the courts from a decision of an administrative agency. . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created, and *can be acquired and exercised only in the manner prescribed*." (Citations omitted; emphasis added; internal quotation marks omitted.) *Brookridge District Assn.* v. *Planning & Zoning Commission*, 259 Conn. 607, 611–12, 793 A.2d 215 (2002). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals*, 195 Conn. 276, 283, 487 A.2d 559 (1985). "[S]tatutory appeal provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 760, 900 A.2d 1 (2006). Our Supreme Court has "uniformly held that failure to file a zoning appeal within the statutory time period deprives the trial court of jurisdiction over the appeal." *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 96, 102, 616 A.2d 793 (1992).

Our analysis entails the construction of both the General Statutes and the commission's zoning regulations, which raises questions of law over which we exercise plenary review. *Zimnoch* v. *Planning & Zoning Commission*, 302 Conn. 535, 547, 29 A.3d 898 (2011). We construe zoning regulations in the same manner as we construe statutes, following the ordinary rules of statutory construction. *Schwartz* v. *Planning & Zoning Commission*, 208 Conn. 146, 153, 543 A.2d 1339 (1988). In construing a statute or regulation, "[o]ur fundamental

objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Tayco Corp.* v. *Planning & Zoning Commission*, 294 Conn. 673, 679, 986 A.2d 290 (2010). "Common sense must be used in construing [zoning regulations], and we assume that a rational and reasonable result was intended by the local legislative body." *Spero* v. *Zoning Board of Appeals*, 217 Conn. 435, 441, 586 A.2d 590 (1991). "Because zoning regulations are in derogation of common-law property rights, they must be strictly construed and *not extended by implication*." (Emphasis added.) *Graff* v. *Zoning Board of Appeals*, 277 Conn. 645, 653, 894 A.2d 285 (2006).

With these principles in mind, we turn to the primary issue raised on appeal—namely, whether the plaintiff timely commenced its appeal of the commission's decision to grant the defendants' special permit application, or whether the court should have dismissed the appeal for lack of subject matter jurisdiction because it was commenced outside of the applicable statutory appeal period. We conclude that the plaintiff's appeal was filed late and that the court should have granted the defendants' motion to dismiss the appeal.

The commission rendered its decision granting the defendants' special permit application on February 21, 2012. Pursuant to § 8-8 (b),[8] unless one of the exceptions enumerated therein applies, any person aggrieved by a decision on a special permit application must appeal to the Superior Court within fifteen days from the date that notice of the decision is published. Requirements for publishing notice are set forth in General Statutes § 8-3c.[9] Notice of the commission's decision granting the defendants' application was timely published in the local newspaper on February 27, 2012. The plaintiff has never claimed any defect with that published notice, and, accordingly, it was afforded proper constructive notice of the commission's decision, which is all that is expressly required by statute and satisfies the principle of fundamental fairness in administrative proceedings. See *Jarvis Acres, Inc.* v. *Zoning Commission*, 163 Conn. 41, 47, 301 A.2d 244 (1972) ("[w]hat is required is not actual notice, but, rather, constructive notice").

Accordingly, in the absence of a statutory exception to § 8-8 (b), the plaintiff should have commenced its appeal on or before March 13, 2012. The plaintiff's appeal was not commenced, however, until October 26, 2012.[10]

The plaintiff nevertheless contends, and the trial court agreed, that because the plaintiff did not receive written notice from the defendants in accordance with the town's zoning regulations and the commission failed to ensure compliance with the regulations, it was permitted, pursuant to § 8-8 (r), to file its appeal anytime within one year of the date of the commission's decision granting the application. Accordingly, the plaintiff contends that its October 26, 2012 appeal was timely. We are not persuaded.

In considering whether § 8-8 (r) is applicable under the facts presented, we turn first to the language of the statute. Section 8-8 (r) provides: "In any case in which *a board fails to comply* with a requirement of a general or special law, ordinance or regulation governing the content, giving, mailing, publishing, filing or recording of any notice either of a hearing or of an action taken by the board, any appeal or action by an aggrieved person to set aside the decision or action taken by the board on the grounds of such noncompliance shall be taken not more than one year after the date of that decision or action." (Emphasis added.) As previously noted, by statutory definition, the "board" in the present case is the commission. See General Statutes § 8-8 (a) (2); see also footnote 1 of this opinion. Accordingly, § 8-8 (r) extends the time to file an appeal whenever "*a board* fails to comply" with a statute, regulation or ordinance pertaining to notice of either a public hearing or an action of the board. (Emphasis added.) General Statutes § 8-8 (r). Because the effect of § 8-8 (r) is to enlarge the ordinarily short fifteen day appeal period to a year, and, thus, to substantially expand appellate jurisdiction, we must construe the statute strictly in accordance with its terms. Having done so, we conclude that the plain language of the statute belies reliance upon it as a basis for permitting the plaintiff to commence its appeal more than seven months beyond the fifteen day appeal period.

First, it is undisputed that it was the defendants, not the commission, that failed to give the plaintiff the written notice required by article 5, § B (3) (c) of the town's zoning regulations, which provides in relevant part that "*the applicant* shall be responsible for notifying in writing all [neighboring] property owners . . . ." (Emphasis added.) Although the defendants certified as part of the application process that they would give the additional notice, they concede that they never did so. The plain and unambiguous language of § 8-8 (r), nevertheless, indicates that the one year appeal period is triggered only when the commission *itself* fails to

comply with a notice requirement. The commission was required by statute only to give constructive notice by publication of the public hearing on the application. Likewise, as previously discussed, the commission was required by statute to publish notice of its action, i.e., its decision, on the application. The commission complied with both requirements. If the legislature had wanted to extend the scope of § 8-8 (r) to encompass instances in which someone other than the board failed to provide notice in accordance with law, it could have done so explicitly. Our role is not to second-guess the wisdom of the language used by the legislature, but to give effect to its intent. *Lash* v. *Aetna Casualty & Surety Co.*, 236 Conn. 318, 329 n.15, 673 A.2d 84 (1996).

The plaintiff and the trial court rely heavily on the fact that, pursuant to § 8-7d (a), the commission chose to adopt a regulation requiring special permit applicants to provide written notice to abutting landowners by certified mail. According to the trial court, once the commission did so, it assumed by implication a duty to ensure that the regulation was followed, and it was the breach of that duty that triggered § 8-8 (r) in this case.

In support of its position, the court relied heavily upon *Wright* v. *Zoning Board of Appeals*, 174 Conn. 488, 490–91, 391 A.2d 146 (1978). The court's reliance on *Wright*, however, is misplaced. In *Wright*, the primary issue on appeal had nothing to do with whether an applicant's failure to comply with an additional notice requirement adopted by a land use board should be attributable to the board for purposes of determining whether the one year appeal period contained in § 8-8 (r) applies. The issue, rather, was whether the board had the authority to reverse sua sponte its action granting an application for a zoning variance upon discovering that a town ordinance, which required applicants seeking a variance to provide additional notice by placing a sign on the property in question, was not followed. Id., 492. *Wright* holds that the board's action in reversing its prior granting of the variance was proper because failure to comply with a supplemental notice requirement rendered the board's action invalid, regardless of whether the board properly had effectuated notice by newspaper publication.[11] Id. We do not dispute that the plaintiff in the present action had a colorable claim that the defendants' failure to follow through with its obligation under the regulation to provide the plaintiff with written notice rendered the commission's approval of the special permit application invalid. The threshold issue before us, however, is whether that claim needed to be raised in an appeal filed within the ordinary fifteen day appeal period or whether the one year appeal period in § 8-8 (r) was applicable. *Wright* is silent as to that issue.

Whether to adopt additional notice requirements was

a choice that the legislature left entirely to the commission's discretion. There is no language in § 8-7d (a) indicating that if a commission chose to adopt a regulation requiring an applicant to provide additional notice, the commission was concomitantly assuming a duty to ensure compliance with the additional notice requirement adopted. More importantly, there is no language in § 8-7d (a) indicating that if the commission chose to impose on an applicant a supplemental notice requirement by regulation, the applicant's failure to comply with the supplemental notice provision would be attributable to the commission and trigger the lengthy appeal period in § 8-8 (r).

The only statutory obligation expressly imposed on the commission by § 8-7d (a) is that any additional notice regulation it chooses to adopt "shall include provisions that the notice be mailed to persons who own land that is adjacent to the land that is the subject of the hearing or be provided by posting a sign on the land that is the subject of the hearing, or both." The regulation adopted by the commission complied with those requirements. Indeed, the commission was not obligated to adopt any regulation at all pursuant to § 8-7d (a), and instead could have chosen to leave notice limited to publication in the newspaper. In the absence of any express language, we are unwilling to graft by implication onto § 8-7d (a) requirements or duties other than what are set forth in the statute on a commission or board, the breach of which would necessarily result in a three hundred fifty day extension of the appeal period. In other words, the language of § 8-7d (a) cannot be construed to include a requirement that the commission is responsible to ensure compliance with any notice requirement it chooses to impose on applicants. Because the commission did not fail to comply with any express notice requirements, § 8-8 (r) is inapplicable here.

Our decision to construe § 8-8 (r) narrowly comports with the notion that zoning issues should be resolved with reasonable dispatch. See *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 597, 409 A.2d 1029 (1979) (noting legislative purpose behind brief fifteen day appeal period is "speedy determination of the issues involved"). We have long recognized "the need for stability in land use planning and the need for justified reliance by all interested parties—the interested property owner, any interested neighbors and the town—on the decisions of the zoning authorities." (Internal quotation marks omitted.) *Gangemi* v. *Zoning Board of Appeals*, 255 Conn. 143, 149–50, 763 A.2d 1011 (2001). We note that, in the present case, by the time the appeal was taken, construction on an expensive project was well under way, and, in fact, has since been completed. There is no doubt that construction projects of this nature are often time sensitive; see, e.g., *Coppola Construction Co.* v. *Hoffman Enterprises Ltd. Partnership*,

157 Conn. App. 139, 147, 117 A.3d 876, certs. denied, 318 Conn. 902, 122 A.3d 631, 123 A.3d 882 (2015); and may rely upon financing that may only be available from lenders during specified time periods. Such factors reinforce our reluctance to expand the scope of § 8-8 (r) beyond that expressly provided for by the plain and unambiguous language of the statute. Furthermore, we are conscious that it is the legislature who has the authority to determine the time limit for filing appeals and whether additional exceptions or restrictions are warranted, and the legislature's choice generally to impose a short fifteen day appeal period deserves due deference. See *Carbone* v. *Zoning Board of Appeals*, 126 Conn. 602, 607, 13 A.2d 462 (1940) ("[s]tatutes and special laws such as the one before us fixing a rather brief time in which appeals may be taken to the courts from the orders and decisions of administrative boards are evidently designed to secure in the public interest a speedy determination of the issues involved; and to make it possible to proceed in the matter as soon as the time to take an appeal has passed if one has not been filed").

In sum, we conclude that the court incorrectly denied the defendants' motion to dismiss on the basis of its determination that the appeal to the Superior Court was timely filed in accordance with § 8-8 (r). Although, as acknowledged by the defendants, their failure to provide written notice was a procedural irregularity that potentially may have rendered the commission's approval of the application voidable, the plaintiff should have raised that issue in an appeal filed within the ordinary fifteen day appeal period given that the plaintiff had the benefit of the notice by publication as required by statute.

The judgment is reversed and the case is remanded to the trial court with direction to dismiss the appeal.

In this opinion the other judges concurred.

[1] General Statutes § 8-8 (r) provides: "In any case in which a board fails to comply with a requirement of a general or special law, ordinance or regulation governing the content, giving, mailing, publishing, filing or recording of any notice either of a hearing or of an action taken by the board, any appeal or action by an aggrieved person to set aside the decision or action taken by the board on the grounds of such noncompliance shall be taken not more than one year after the date of that decision or action." As used in this statute, the term "board" refers to any "municipal zoning commission, planning commission, combined planning and zoning commission, zoning board of appeals or other board or commission the decision of which may be appealed pursuant to this section, or the chief elected official of a municipality, or such official's designee, in a hearing held pursuant to section 22a-250, whose decision may be appealed." General Statutes § 8-8 (a) (2).

[2] General Statutes § 8-7d (a) provides in relevant part: "In all matters wherein a formal petition, application, request or appeal must be submitted to a . . . planning and zoning commission . . . and a hearing is required or otherwise held on such petition, application, request or appeal, such hearing shall commence within sixty-five days after receipt of such petition, application, request or appeal and shall be completed within thirty-five days after such hearing commences, unless a shorter period of time is required under this chapter, chapter 126, chapter 440 or chapter 446i. Notice of the hearing shall be published in a newspaper having a general circulation in

such municipality where the land that is the subject of the hearing is located at least twice, at intervals of not less than two days, the first not more than fifteen days or less than ten days and the last not less than two days before the date set for the hearing. *In addition to such notice, such commission . . . may, by regulation, provide for additional notice.* Such regulations shall include provisions that the notice be mailed to persons who own land that is adjacent to the land that is the subject of the hearing or be provided by posting a sign on the land that is the subject of the hearing, or both. . . .” (Emphasis added.)

[3] Although the commission was the named defendant in the appeal before the trial court, for the sake of clarity, we refer to it as the commission and to the three East Brook companies, which are the appellants in the present appeal, as the defendants.

[4] The defendants also claim in their appeal that the trial court improperly determined that, because they had failed to provide notice to the plaintiff in accordance with zoning regulations, the commission's decision granting their special permit was “without legal effect” and, therefore, that the court was required to remand the matter to the commission “to commence the proceedings anew giving proper notice.” Additionally, they claim that even if we were to decide that a remand for a rehearing of the application was appropriate, we nevertheless should disavow the court's determination that the commission's decision was “without legal effect” and should order that the special permit granted by the commission remains valid pending a new hearing and any superseding ruling. Because we agree that the court should have granted the defendants' motion to dismiss the appeal as untimely, it is unnecessary to reach these additional claims of error.

[5] Construction of the separate out building later was determined to be unworkable, and the defendants withdrew their application as to that aspect of the plan prior to the closing of the public hearing.

[6] The plaintiff did not specify with which statute the commission allegedly failed to comply. As discussed later in this opinion, it is undisputed that the commission complied with its statutory obligations to publish notice in the local newspaper of the public hearing on the special permit application and of its decision granting the application.

[7] The plaintiff also filed a cross appeal challenging the remand order. This court later granted the defendants' motion to dismiss the cross appeal, however, on the ground that the plaintiff had failed to file a cross petition for certification pursuant to General Statutes § 8-8 (o) and Practice Book § 81-1 (b) and (c).

[8] General Statutes § 8-8 (b) provides in relevant part: “Except as provided in subsections (c), (d) and (r) of this section and sections 7-147 and 7-147i, any person aggrieved by any decision of a board, including . . . a special permit or special exception pursuant to section 8-3c, may take an appeal to the superior court for the judicial district in which the municipality is located . . . . The appeal shall be commenced by service of process in accordance with subsections (f) and (g) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes. . . .”

[9] General Statutes § 8-3c (b) provides in relevant part: “Notice of the decision of the commission [on an application for a special permit] shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to the person who requested or applied for a special permit or special exception, by its secretary or clerk, under his signature in any written, printed, typewritten or stamped form, within fifteen days after such decision has been rendered. . . .”

[10] Although it does not factor into our decision, we note that correspondence between the plaintiff and the town, which was admitted into evidence at the hearing on the motion to dismiss, indicates that even if the plaintiff was unaware of the published notice, the plaintiff had actual notice of the decision, at the latest, by July 24, 2012. Although it is constructive notice and not actual notice that commences the appeal period, even if measured from the date of actual notice of the decision, the plaintiff waited more than three months to file its appeal.

[11] To the extent that there is language in *Wright* suggesting that the applicant's failure to comply with the notice regulation implicated the board's subject matter jurisdiction, which language also somehow provided a basis for attributing the regulatory notice failure directly to the board, that issue was not before the court, and the cases cited by the court in *Wright* involved failures to satisfy the statutory requirement of published notice. Furthermore, after *Wright* was decided in 1978, our Supreme Court has indicated that, whereas a board's failure to properly publish notice renders a land use

board's action void, "failure to give personal notice to a specific individual is not a jurisdictional defect." *Lauer* v. *Zoning Commission*, 220 Conn. 455, 461–62, 600 A.2d 310 (1991) (clarifying distinction between "statutorily required published notice to the general public and statutorily required personal notice to specific individuals"); see also *Koskoff* v. *Planning & Zoning Commission*, 27 Conn. App. 443, 446, 607 A.2d 1146 (same), cert. granted, 222 Conn. 912, 608 A.2d 695 (1992) (appeal withdrawn); R. Fuller, 9B Connecticut Practice Series: Land Use Law and Practice (4th Ed. 2015) § 46.1, p. 7-8 ("[p]ersonal notice provisions can only be raised by persons entitled to receive notice, and if notice is not given the action taken is voidable and does not affect subject matter jurisdiction").

───────────────────